**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00325-RFB-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| NICOLE ELIZABETH NOWAK, | |
| Defendant. | |

Defendant Nicole Elizabeth Nowak moves the Court to vacate, set aside, or correct her sentence (ECF No. 250) on the basis that her conviction for aiding and abetting a carjacking resulting in serious bodily injury does not qualify as a "crime of violence" under 18 U.S.C. § 924(c). For the reasons below, her motion is denied.

**I.   FACTUAL AND PROCEEDURAL BACKGROUND**

On December 7, 2017, Ms. Nowak pleaded guilty to (Count 1) aiding and abetting carjacking, (Count 2) aiding and abetting carjacking resulting in serious bodily injury, and (Count 3) aiding and abetting the brandishing of a firearm during and in relation to a crime of violence. ECF No. 92, 94. On March 9, 2020, the Court sentenced Ms. Nowak to time served on Counts 1 and 2, but imposed 84 months of imprisonment for Count 3. ECF No. 125. The Court also sentenced Ms. Nowak to supervised release for three years on Count 1 and five years on Counts 2 and 3. Id.

Following the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019) (holding the § 924(c) residual clause is unconstitutionally vague), on June 23, 2023, Ms. Nowak timely filed a 28 U.S.C. § 2255 Supplemental Motion to Vacate, Set Aside, or Correct Sentence

relying on Davis. ECF No. 250. The Motion was fully briefed. ECF Nos. 261, 265. On January 24, 2022, the United States filed a Motion for Leave to Advise the Court of new authority, Young v. United States, 22 F.4th 1115, 1123 (9th Cir. 2022). ECF No. 309. On February 7, 2022, Ms. Nowak filed a response arguing that Young was distinguishable. ECF No. 310.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." Id.; see United States v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year limitation begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." Id.

## III. DISCUSSION

The Court finds that there are no grounds to grant § 2255 relief.

Section 924(c), under which Ms. Nowak was convicted, prohibits the use of a firearm "during and in relations to any crime of violence." 18 U.S.C. § 924(c)(1)(A). Following the Supreme Court's ruling in Davis, a felony qualifies as a crime of violence only if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); see also Davis, 139 S. Ct. 2319 (invalidating 18 U.S.C. § 924(c)(3)(B)). The Ninth Circuit has already held that federal carjacking *categorically* is a crime of violence under § 924(c)(1)(A). United States v. Gutierrez, 876 F.3d 1254, 1257 (9th Cir. 2017) (per curiam); see also United States v. Eckford, 77 F.4th 1228 (9th Cir. 2023) (applying the reasoning in Gutierrez post-Davis to hold Hobbs Act robbery is a crime of violence under § 924(c)(1)(A)); United States v. Buck, 23 F.4th 919 (9th Cir. 2022) (similar); United States v.

Burke, 943 F.3d 1236 (9th Cir. 2019) (similar).

Ms. Nowak argues that even if federal carjacking is a crime of violence, aiding and abetting does not qualify as a crime of violence. The federal aiding and abetting statute provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a). Ms. Nowak argues that criminal liability under 18 U.S.C. § 2(a) does not require the use or threat of use of force that the Gutierez court relied upon to find federal carjacking a crime of violence. The Ninth Circuit has rejected this argument. "One who aids and abets the commission of a violent offense has been convicted of the same elements as one who was convicted as a principal." Eckford, 77 F.4th at 1237; Young, 22 F.4th at 1123 (same).

Since aiding and abetting liability imports the elements of the underlying crime and the federal carjacking statute categorically is a crime of violence, Ms. Nowak's conviction under § 924(c) is sound.

### IV. CERTIFICATE OF APPEALABILITY

This is a final order adverse to the Petitioner Ms. Nowak. As such, Rule 11(a) of the Rules Governing Section 2255 Cases requires this Court to issue or deny a certificate of appealability (COA). See also 28 U.S.C. § 2253(c)(1)(B). Without a COA, Ms. Nowak "may not appeal that denial." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). To issue a COA, the Court must find that Ms. Nowak "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the Court looks for a showing that "reasonable jurists would find [this Court's] assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the Court found that settled, binding caselaw disposes of Ms. Nowak's claims, the Court finds that no reasonable jurist could find the Court's assessment debatable or wrong.

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Nicole Elizabeth Nowak's Supplemental Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF No.

250) is **DENIED**.

    **IT IS FURTHER ORDERED** that Defendant Nicole Elizabeth Nowak is **DENIED** a Certificate of Appealability.

    **IT IS FURTHER ORDERED** that the United States' Motion for Leave to Advise the Court (ECF No. 309) is **GRANTED**.

**DATED** this 4th day of December 2023.

                                                                _____
                                                                 RICHARD F. BOULWARE, II
                                                                 UNITED STATES DISTRICT JUDGE